UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. |
| VERSUS | 15-2-BAJ-EWD |
| GERALD NORWOOD COBB | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE=S REPORT.

Signed in Baton Rouge, Louisiana, on August 16, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. |
| VERSUS | 15-2-BAJ-EWD |
| GERALD NORWOOD COBB | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**

This matter came before the Court on a Petition for Warrant of Summons for Person Under Supervision, filed May 2, 2022, which alleged that Gerald Cobb ("Cobb") committed violations of his supervised release conditions such that his term of supervised release should be revoked.[1] At the preliminary revocation hearing, the defense made an oral motion for a mental competency hearing under 18 U.S.C. § 4241. The government did not object. The Court granted the government's motion for a mental competency hearing under 18 U.S.C. § 4241(a) upon finding there was reasonable cause to believe that Cobb may be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.[2] Accordingly, Cobb was committed to a facility to be examined by a qualified psychiatrist of psychologist, who was to submit a written report of his or her findings, pursuant to 18 U.S.C. § 4247(c). The mental health evaluation was completed, as ordered, and the written report transmitted to the Court and filed under seal.[3] Upon receipt of the report, a Notice to Counsel was issued advising that a mental competency hearing needed to be scheduled to address the findings contained in the report.[4] The mental competency hearing was conducted on August 16, 2022. Neither party objected to the

---

[1] R. Doc. 356.
[2] R. Doc. 361.
[3] R. Doc. 363.
[4] R. Doc. 364.

findings contained in the report, which concluded that Cobb is not currently suffering from a mental disease or defect rendering him unable to under the nature and consequences of the proceedings against him or to properly assist in his defense.[5]

After review of the written report and after conducting a competency hearing, it is recommended that defendant, Gerald Norwood Cobb, be found competent to proceed in this matter. To the extent this recommendation is adopted, the undersigned further recommends that a final revocation hearing be scheduled before United States District Judge Brian A. Jackson in light of Cobb's stipulation of probable cause.[6]

## RECOMMENDATION

Based upon the opinion and recommendation issued by the forensic evaluator, Dr. Lacie L. Biber, licensed psychologist, and the agreement of the parties, **IT IS RECOMMENDED** that defendant, Gerald Norwood Cobb, be found competent to proceed in this matter because he does not appear to be currently suffering from a mental disease or defect rendering him unable to under the nature and consequences of the proceedings against him or to properly assist in his defense. **IT IS FURTHER RECOMMENDED** that, if the competency recommendation is adopted, a final revocation hearing be scheduled before United States District Judge Brian A. Jackson.

Signed in Baton Rouge, Louisiana, on August 16, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] R. Doc. 363, p. 14. It should be noted that the report states that, while the prognosis for stability is good, particularly if Cobb remains abstinent from substance abuse, "depending on the etiology, and course of his neurocognitive disorder, functioning is likely to change over time, though the rate is to be determined." The evaluator recommended that Cobb continue to follow up with providers to track any changes in functioning for appropriate intervention. *Id.*
[6] At the prior hearing, Cobb was sworn, advised of his rights and read the allegations in the Petition for Warrant or Summons for Person Under Supervision. A probable cause determination was not made at that time in light of the motion for the mental competency hearing.